FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 2 2004

at ___ o'clock and ___ min. ___ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| SIOKATAME HAFOKA, | ) | CIVIL NO. 04-00031 DAE-BMK |
| | ) | CR NO. 97-01199 DAE |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING PETITIONER'S MOTION FOR HABEAS CORPUS
RELIEF UNDER 28 U.S.C. § 2255

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motion, the court DENIES Petitioner's 28 U.S.C. §2255 Motion.

BACKGROUND

On June 14, 1999, a jury found Petitioner guilty of Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 5 Kilograms of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 16, 1999, Petitioner filed a timely appeal. As part of the direct appeal process, Petitioner's court appointed attorney, Richard S. Kawana, Esq., ("Mr. Kawana"), received copies of the trial transcripts. On May 31, 2002, the Ninth Circuit upheld

Petitioner's conviction. See U.S. v. Hafoka, 40 Fed. Appx. 461, 462, 2002 WL 1160919, 1 (9th Cir. D. Hawai'i).

Petitioner previously filed two Motions to Extend Time for Filing a §2255 Motion. See Order Denying As Moot Petitioner's Motion to Hold Court Appointed Attorney in Contempt For Failure to Provide Trial Transcripts, filed December 10, 2003, and Order Denying Petitioner's Motion to Compel the Clerk of Court to Provide Copies of Trial and Sentencing Transcripts to Petitioner Whom is Indigent, filed December 30, 2003. Petitioner argued in both motions that his attorney, Mr. Kawana, failed to make his trial transcripts available to him so that he could use them in preparation of his §2255 Motion.

The court denied both requests to extend time. First, the court noted that Mr. Kawana was ordered by the court to make the transcripts available to be picked up by Petitioner's family. Defendant did not provide the court with any evidence that Mr. Kawana had failed to comply with the court order to make the transcripts available to Petitioner. Accordingly, the court found Petitioner's claim to be without merit. Moreover, because Petitioner failed to provide the court with any reason why his petition was untimely, the court found that Petitioner had ample time to draft his habeas petition and thereby denied both of his Motions to Extend Time.

## STANDARD OF REVIEW

This court's review of Petitioner's motion is provided for in 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The scope of collateral attack of a sentence under § 2255 is limited, and thus it does not encompass all claimed errors in conviction and sentencing. United States v. Addonizio, 442 U.S. 178, 185 (1979).

Under § 2255, the court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). The Ninth Circuit has clarified, however, that "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945

(citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

28 U.S.C. § 2255 imposes a one-year statute of limitations on the filing of habeas petitions. The one-year statute of limitations begins to run from the latest of:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The Ninth Circuit, however, has recently held that equitable tolling applies in certain limited situations to motions brought pursuant to 28 U.S.C. § 2255. United States v. Battles, 2004 WL 615242, at *1 (9th Cir. March 30, 2004). In order to determine whether a petitioner is entitled to equitable tolling, the court must "decide if it is possible for him to demonstrate that 'extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time

and the extraordinary circumstances were the cause of his untimeliness.'" Id. at *2 (quoting Laws v. A.A. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)).

## DISCUSSION

The Ninth Circuit upheld Petitioner's conviction on May 31, 2002. See U.S. v. Hafoka, 40 Fed. Appx. 461, 462, 2002 WL 1160919, 1 (9th Cir. D. Hawai`i). Petitioner's Motions to Extend Time for Filing a §2255 Motion were denied. Petitioner filed the instant motion on January 20, 2004, more than one year after the date his appeal became final. Accordingly, the court must consider whether or not Petitioner is entitled to equitable tolling of his §2255 Motion.

As stated above, the court has already ruled that Defendant's Attorney Mr. Kawana made the transcripts available to be picked up by Defendant or his family. See Order Denying As Moot Petitioner's Motion to Hold Court Appointed Attorney in Contempt For Failure to Provide Trial Transcripts, filed December 10, 2003, and Order Denying Petitioner's Motion to Compel the Clerk of Court to Provide Copies of Trial and Sentencing Transcripts to Petitioner Whom is Indigent, filed December 30, 2003. Defendant has never provided the court with any evidence that Mr. Kawana failed to make the transcripts available, or that he was unable to have a family member collect the transcripts. The court thereby finds that Defendant has not established that it would have been impossible for

him to file a petition on time, or that there were any extraordinary circumstances that would explain his untimeliness. The court hereby DENIES Petitioner's § 2255 Motion for Habeas Corpus relief.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, APR 0 2 2004.

                                   DAVID ALAN EZRA
                                   CHIEF UNITED STATES DISTRICT JUDGE

<u>Siokatame Hafoka v. United States of America</u>, Civil No. 04-00031, CR. No. 97-01199 DAE; ORDER DENYING PETITIONER'S MOTION FOR HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2255